UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 24-60114-CR-Singhal

UNITED STATES OF AMERICA

vs.

BETSCY KURIAN,

        Defendant.
_____/

## PLEA AGREEMENT

The United States of America, by and through the Fraud Section of the Criminal Division of the Department of Justice and the United States Attorney's Office for the Southern District of Florida (hereinafter referred to as the "United States"), and Betscy Kurian (hereinafter referred to as the "Defendant"), enter into the following agreement:

1. The Defendant agrees to plead guilty to the Information. The Information charges that the Defendant knowingly and willfully combined, conspired, and agreed with others to dispense without authorization of law and distribute a controlled substance, in violation of Title 21, United States Code, Section 841(a)(I); all in violation of Title 21, United States Code, Section 846. Pursuant to Title 21, United States Code, Section 841(b)(I)(C), it is further alleged that this violation involved a Schedule II controlled substance, that is, a mixture and substance containing a detectable amount of Oxycodone. The Defendant acknowledges that she has read the charges against her contained in the Information and that the charges have been fully explained to her by her attorney.

2. The Defendant is aware that the sentence will be imposed by the Court. The Defendant understands and agrees that federal sentencing law requires the Court to impose a sentence that is

Initials: BK

1

reasonable and that the Court must consider the United States Sentencing Guidelines and Policy Statements (hereinafter referred to as the "Sentencing Guidelines") in determining that reasonable sentence. The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a presentence investigation by the United States Probation Office (hereinafter referred to as the "Probation Office"), which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory Sentencing Guidelines range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that while the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, it is not bound to impose that sentence. The Defendant understands that the facts that determine the offense level will be found by the Court at the time of sentencing and that in making those determinations the Court may consider any reliable evidence, including hearsay, as well as the provisions or stipulations in this plea agreement. The United States and the Defendant agree to recommend that the Sentencing Guidelines should apply pursuant to *United States v. Booker*, that the Sentencing Guidelines provide a fair and just resolution based on the facts of this case, and that no upward or downward departures are appropriate other than the reductions for acceptance of responsibility. The Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in

Initials: _BK_    2

paragraph one (1) and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The Defendant also understands and acknowledges that the maximum penalty defendant may receive should her plea of guilty be accepted is twenty (20) years imprisonment and/or a fine of $1,000,000 under Title 21, United States Code, Section 841(b)(l)(C). In addition to any period of imprisonment, the Court may also impose a period of supervised release of at least three (3) years to commence at the conclusion of the period of imprisonment.

4. The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this Agreement, a special assessment in the total amount of $100.00 will be imposed on the Defendant. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5. The Defendant understands and acknowledges that, as a result of this plea, the Defendant will be excluded from Medicare, Medicaid, Medicare Advantage, and all federal health care programs. The Defendant agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to the United States Department of Health and Human Services, to effectuate this exclusion within sixty (60) days of receiving the documents. This exclusion will not affect the Defendant's right to apply for and receive benefits as a beneficiary under any Federal health care program, including Medicare, Medicaid, and Medicare Advantage.

6. The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a natural-born citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the Defendant is pleading guilty. In addition, under certain circumstances,

Initials: *BK*

3

denaturalization may also be a consequence of pleading guilty to a crime. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. The Defendant nevertheless affirms that the Defendant chooses to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's denaturalization and automatic removal from the United States.

7. The Defendant shall cooperate with law enforcement officials, attorneys with the United States Department of Justice and United States Attorney's Office for the Southern District of Florida, and with federal regulatory officials charged with regulating or overseeing the Medicare program by providing full, complete and truthful information regarding her knowledge, conduct, and actions while involved in health care and by providing active cooperation in ongoing investigations if requested to do so. If called upon to do so, the Defendant shall provide complete and truthful testimony before any grand jury or trial jury in any criminal case, in any civil proceeding or trial, and in any administrative proceeding or hearing. In carrying out her obligations under this paragraph, the Defendant shall neither minimize her own involvement nor fabricate, minimize, or exaggerate the involvement of others. If the Defendant intentionally provides any incomplete or untruthful statements or testimony, her actions shall be deemed a material breach of this agreement and the United States shall be free to pursue all appropriate charges against her notwithstanding any agreements to forbear from bringing additional charges as may be otherwise set forth in this agreement.

8. The Defendant shall provide the Probation Office and counsel for the United States with a full, complete, and accurate personal financial statement. If the Defendant provides incomplete or

Initials: *BK*

4

untruthful statements in her personal financial statement, such action shall be deemed a material breach of this agreement and the United States shall be free to pursue all appropriate charges against her notwithstanding any agreements to forbear from bringing additional charges as may be otherwise set forth in this agreement.

9. Provided that the Defendant commits no new criminal offenses and provided that she continues to demonstrate an affirmative recognition and affirmative acceptance of personal responsibility for her criminal conduct, the United States agrees that it will recommend at sentencing that the Defendant receive a three level reduction for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. The United States, however, will not be required to make this sentencing recommendation if the Defendant: (1) fails or refuses to make a full, accurate, and complete disclosure to the United States and the Probation Office of the circumstances surrounding the relevant offense conduct and her present financial condition; (2) is found to have misrepresented facts to the United States prior to entering this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

10. The United States reserves the right to inform the Court and the Probation Office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this plea agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

Initials: *BK*                                   5

11. The United States reserves the right to evaluate the nature and extent of the Defendant's cooperation and to make the Defendant's cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of the United States the Defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the sentence advised by the Sentencing Guidelines, the United States may at or before sentencing make a motion pursuant to Title 18, United States Code, Section 3553(e), Section 5K1.1 of the Sentencing Guidelines and/or subsequent to sentencing by motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure, reflecting that the Defendant has provided substantial assistance and recommending a sentence reduction. The Defendant acknowledges and agrees, however, that nothing in this Agreement may be construed to require the United States to file such a motion and that the United States' assessment of the nature, value, truthfulness, completeness, and accuracy of the Defendant's cooperation shall be binding on the Defendant.

12. The Defendant understands and acknowledges that the Court is under no obligation to grant a motion by the United States pursuant to Title 18, United States Code, Section 3553(e), 5K1.1 of the Sentencing Guidelines and/or Rule 35 of the Federal Rules of Criminal Procedure, as referred to in paragraph eleven (11) of this agreement, should the United States exercise its discretion to file such a motion.

13. The Defendant admits and acknowledges that the following facts are true and that the United States could prove them at trial beyond a reasonable doubt:

    a. That the Defendant knowingly and willfully participated in a conspiracy to dispense and distribute controlled substances as charged in the Information; and

    b. That the quantity of controlled substances involved in the offense for the purposes

Initials: _BJC_                       6

of Section 2D 1.1 (a) and (c) of the Sentencing Guidelines is greater than 700 kilograms but less than 1,000 kilograms of Marihuana, based upon a quantity of 115,350 milligrams of Oxycodone.

14. Based on the foregoing, the United States and the Defendant agree that, although not binding on the Probation Office or the Court, they will jointly recommend that the Court impose a sentence within the advisory sentencing guideline range produced by application of the Sentencing Guidelines. Although not binding on the Probation Office or the Court, the United States and the Defendant further agree that, except as otherwise expressly contemplated in this plea agreement, they will jointly recommend that the Court neither depart upward nor depart downward under the Sentencing Guidelines when determining the advisory sentencing guideline range in this case. The Defendant agrees that she will neither move for a downward departure, nor will she seek a variance from the applicable Guideline sentence pursuant to the factors in Title 18, United States Code, Section 3553(a), except with respect to personal history or personal characteristics unrelated to the charged conduct. Nor will the Defendant suggest that the Probation Department consider a downward departure or adjustment or suggest that the Court *sua sponte* consider a downward departure, except with respect to personal history or personal characteristics unrelated to the charged conduct. The parties agree that, at the time of sentencing, the United States will recommend a sentence at the low end of the Sentencing Guidelines.

15. The United States and the Defendant agree that, although not binding on the Probation Office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed.

    a. <u>Base Offense Level</u>: The Defendant's base offense level is twenty-eight (28), in accordance with U.S.S.G. § 2D1.1(c)(5).

Initials: *BK*             7

    b. <u>Special Skill</u>: The Defendant's offense level shall be increased by two (2) levels pursuant to U.S.S.G. § 3B1.3 because the Defendant abused a special skill in committing the offense.

TOTAL OFFENSE LEVEL – UNADJUSTED      <u>30</u>

    c. <u>Safety Valve</u>: The Defendant's offense level shall be decreased by two (2) levels to reflect the Defendant's safety valve qualification under U.S.S.G. § 2D1.1(b)(18).

    d. <u>Acceptance of Responsibility</u>: The Defendant's offense level shall be decreased by three (3) levels pursuant to U.S.S.G. §§ 3E1.1(a) and 3E1.1(b) because the Defendant has clearly demonstrated acceptance of responsibility for her offense and assisted authorities in the investigation and prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty.

    e. <u>Zero-Point Offender</u>: This United States and the Defendant agree that, although not binding on the Probation Office or the Court, they will jointly recommend that, pursuant to U.S.S.G. § 4C1.1, the Defendant's offense level should be reduced by two levels to reflect the Defendant's status as a zero-point offender, provided that the Defendant meets all the criteria set out in U.S.S.G. § 4C1.1(a)(1)-(10).

TOTAL OFFENSE LEVEL – ADJUSTED      <u>23</u>

16. The Defendant acknowledges and understands that additional or different enhancements or provisions of the Sentencing Guidelines might be applicable, and that neither the Court nor the Probation Office is bound by the parties' joint recommendations.

17. The Defendant agrees, in an individual and any other capacity, to forfeit to the United States, voluntarily and immediately, any right, title, and interest to any property. constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense in violation

Initials: _BK_      8

of Title 21, United States Code, Sections 841 and 846, to which the Defendant is pleading guilty, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, pursuant to Title 21, United States Code, Section 853. In addition, the defendant agrees to forfeiture of substitute property pursuant to 21 U.S.C. § 853(p).

18. The Defendant further agrees that forfeiture is independent of any assessment, fine, cost, restitution, or penalty that may be imposed by the Court. The Defendant knowingly and voluntarily agrees to waive all constitutional, legal, and equitable defenses to the forfeiture, including excessive fines under the Eighth Amendment to the United States Constitution. In addition, the Defendant agrees to waive any applicable time limits for administrative or judicial forfeiture proceedings, the requirements of Fed. Rs. Crim. P. 32.2 and 43(a), and any appeal of the forfeiture.

19. The Defendant also agrees to fully and truthfully disclose the existence, nature, and location of all assets in which the Defendant has or had any direct or indirect financial interest or control, and any assets involved in the offense of conviction. The Defendant agrees to take all steps requested by the United States for the recovery and forfeiture of all assets identified by the United States as subject to forfeiture. This includes, but is not limited to, the timely delivery upon request of all necessary and appropriate documentation to deliver good and marketable title, consenting to all orders of forfeiture, and not contesting or impeding in any way with any criminal, civil, or administrative forfeiture proceeding concerning the forfeiture.

20. In furtherance of the satisfaction of a forfeiture money judgment entered by the Court in this case, the Defendant agrees to the following:

    a. submit a financial statement to this Office upon request, within 14 calendar days from the request;

Initials: _B/C_                   9

    b. maintain any asset valued in excess of $10,000, and not sell, hide, waste, encumber, destroy, or otherwise devalue such asset without prior approval of the United States;

    c. provide information about any transfer of an asset valued in excess of $10,000 since the commencement of the offense conduct in this case to date;

    d. cooperate fully in the investigation and the identification of assets, including liquidating assets, meeting with representatives of the United States, and providing any documentation requested; and

    e. notify, within 30 days, the Clerk of the Court for the Southern District of Florida and this Office of: (i) any change of name, residence, or mailing address, and (ii) any material change in economic circumstances.

21. The Defendant further understands that providing false or incomplete information about assets, concealing assets, making materially false statements or representations, or making or using false writings or documents pertaining to assets, taking any action that would impede the forfeiture of assets, or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (i) separate prosecution, including, under 18 U.S.C. § 1001; or (ii) recommendation of a denial of a reduction for acceptance of responsibility pursuant to the United States Sentencing Guidelines § 3E1.1

22. The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant is also aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's attorney, the United States, or the Probation Office, is a prediction, not a promise, and is not binding on the United States, the Probation Office, or the Court. The Defendant understands further that any recommendation that the United States makes to the Court as to sentencing, whether pursuant to

Initials: _BK_                10

this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged in paragraph two (2) above, that the Defendant may not withdraw her plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, the United States, or a recommendation made jointly by both the Defendant and the United States.

23. The Defendant is aware that Title 18, United States Code, Section 3742 affords her the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this plea agreement, the Defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any forfeiture or restitution ordered, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the Sentencing Guidelines range that the Court establishes at sentencing. The Defendant further understands that nothing in this agreement shall affect the right of the United States and/or its duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the Defendant's sentence pursuant to Section 3742(b), the Defendant shall be released from the above waiver of appellate rights. By signing this agreement, the Defendant acknowledges that she has discussed the appeal waiver set forth in this agreement with her attorney. The Defendant further agrees, together with the United States, to request that the district Court enter a specific finding that the Defendant's waiver of her right to appeal the sentence to be imposed in this case was knowing and voluntary.

24. For purposes of criminal prosecution, this Plea Agreement shall be binding and enforceable upon the Fraud Section of the Criminal Division of the United States Department of Justice and the United States Attorney's Office for the Southern District of Florida. The United States does

Initials: *BK*      11

not release the Defendant from any claims under Title 26, United States Code. Further, this Agreement in no way limits, binds, or otherwise affects the rights, powers, or duties of any state or local law enforcement agency or any administrative or regulatory authority.

25. The Defendant agrees that if she fails to comply with any of the provisions of this Agreement, including the failure to tender such agreement to the Court, makes false or misleading statements before the Court or to any agents of the United States, commits any further crimes, or attempts to withdraw the plea (prior to or after pleading guilty to the offense identified in paragraph one (1) above), the United States will have the right to characterize such conduct as a breach of this agreement. In the event of such a breach: (a) the United States will be free from its obligations under the agreement and further may take whatever position it believes appropriate as to the sentence and the conditions of the Defendant's release (for example, should the Defendant commit any conduct after the date of this agreement that would form the basis for an increase in the Defendant's offense level or justify an upward departure – examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Probation Officer, or the Court – the United States is free under this agreement to seek an increase in the offense level based on that post-agreement conduct); (b) the Defendant will not have the right to withdraw the guilty plea; (c) the Defendant shall be fully subject to criminal prosecution for any other crimes which she has committed or might commit, if any, including perjury and obstruction of justice; and (d) the Defendant waives any protections afforded by Section 1B1.8(a) of the Sentencing Guidelines, Rule 11 of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, and the United States will be free to use against the Defendant, directly and indirectly, in any criminal or civil proceeding any of the information, statements, and materials provided by her

Initials: _BK_                                    12

pursuant to this agreement, including offering into evidence or otherwise using the attached Agreed Factual Basis for Guilty Plea.

Initials: _BK_    13

26. This is the entire agreement and understanding between the United States and the Defendant. There are no other agreements, promises, representations or understandings.

GLENN S. LEON
CHIEF, FRAUD SECTION

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

Date: 10/15/24    By: _____
JACQUELINE Z. DEROVANESIAN
TRIAL ATTORNEY
CRIMINAL DIVISION, FRAUD SECTION

Date: 06/12/24   By: _____
BETSCY KURIAN
DEFENDANT

Date: 06/12/2024   By: _____
JUDE FACCIDOMO, ESQ.
COUNSEL FOR DEFENDANT

Initials: BK

14

Initials: BK

15